*IN THE UNITED STATES BANKRUPTCY COURT*
*FOR THE EASTERN DISTRICT OF TENNESSEE*
*NORTHERN DIVISION AT KNOXVILLE*

IN RE:

**David A. Ramey**  Case No. **3:18-BK-33725-MPP**
Chapter 7

Debtor.

## OBJECTION TO AMENDED EXEMPTIONS

---

### NOTICE OF HEARING

**Notice is hereby given that:**

A hearing will be held on the <u>Objection to Amended Exemptions</u> on April 5, 2019, at 9:30am, in Courtroom 1B located at United States Bankruptcy Court, Howard H. Baker Jr. U.S. Courthouse 800 Market Street Knoxville, TN 37902.

<u>**Your rights may be affected.**</u> **You should read these papers carefully and discuss them with your attorney, if you wish to have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.**

**If you do not want the court to grant the relief requested, you or your attorney must attend this hearing. If you do not attend this hearing, the court may decide that you do not oppose the relief sought in the <u>Motion</u> and may enter an order granting that relief.**

---

Comes Michael H. Fitzpatrick, Trustee, by and through counsel, files the attached objection:

1. The Debtor filed a voluntary Chapter 7 petition on December 7, 2018. Michael Fitzpatrick was appointed as Chapter 7 trustee, and continues to serve in that capacity.

2. The trustee's investigation revealed that the debtor's father passed away on December 26, 2018 and the debtor inherited an unknown amount of assets as a result. It is the trustee's contention that the debtor's inheritance is an estate asset pursuant to 11 U.S.C. 541(a)(5).

3. On March 15, 2019 the debtor amended Schedules A & B to partially reflect the anticipated inheritance of the Debtor as a result of his father's death. He did not amend Schedule A to reflect the real property that he will inherit.

4. When his father died, he had on account $18,800.00 in a BB&T account which the debtor withdrew.

5. The debtor has spent not less than $14,000.00 of these funds, and now claims an exemption of $3,660.00 pursuant to Tenn. Code Ann. §26-2-103.

6. The trustee does not object if the exemption is applied to the portion of proceeds already consumed by the debtor, but does object if the debtor is attempting to claim an objection in addition to the estate funds he has consumed.

Respectfully submitted,

*/s/ Ryan E. Jarrard*
Ryan E. Jarrard, Esq.
BPR No. 024525
Attorney for Michael H. Fitzpatrick, Trustee
**Quist, Fitzpatrick & Jarrard, PLLC**
2121 First Tennessee Plaza
800 South Gay Street
Knoxville, TN 37929-9711
(865) 524-1873 ext. 232
REJ@QCFLaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion and proposed Order have been served upon the indicated parties by placing a copy thereof in the U.S. Mail, first class postage prepaid, via email or ECF this March 27, 2019:

Office of the U.S. Trustee
VIA ECF

Elliot J. Schuchardt
VIA ECF

All Parties in Interest on the attached list via US Mail

*/s/ Ryan E. Jarrard*
ATTORNEY