# IN THE BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF TENNESSEE

IN RE:

DAVID A. RAMEY,                                   Case No. 3:18-bk-33725-MPP

                    Debtor.

---

### NOTICE OF OPPORTUNITY TO OBJECT AND FOR HEARING

Notice is hereby given that:

Pursuant to E.D. Tenn. LBR 9013-1(h)(1)(ix), the court may consider this matter without further notice or hearing unless a party in interest files an objection.  If you object to the relief requested in this paper, you must file with the clerk of court at the Howard H. Baker, Jr. United States Courthouse, 800 Market St, Knoxville, TN 37902, an objection within 14 days from the date this paper was filed and serve a copy on the movant's attorney, Elliott J. Schuchardt, 6223 Highland Place Way, Suite 201, Knoxville, Tennessee 37919.  If you file and serve an objection within the time permitted, the court will schedule a hearing and you will be notified. If you do not file an objection within the time permitted, the court will consider that you do not oppose the granting of the relief requested in this paper and may grant the relief requested without further notice or hearing.

**Your rights may be affected**.  You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

---

### MOTION FOR ORDER TO COMPEL
### ABANDONMENT OF CERTAIN PROPERTY

       The Debtor, David Ramey, by and through counsel, files this motion for an order requiring the chapter 7 trustee, Michael Fitzpatrick, to abandon certain property to the Debtor.  In support hereof, the Debtor states as follows:

#### Background

       1.     The Debtor, David Ramey, commenced this case by filing a voluntary petition under chapter 7 of the Bankruptcy Code on December 7, 2018.

       2.     On December 26, 2018, the Debtor's father, Shelton D. Ramey, died.

3.      Prior to his death, Shelton Ramey acquired a large amount of assets.  These included a house, a number of vehicles, several insurance policies, and certain personal property.

4.      These assets are being administered in the probate case for the Debtor's deceased father.  Such case is pending in the Probate Court for Loudon County, Tennessee under the caption, *In re Shelton D. Ramey,* Case No. 5803.

5.      On March 26, 2019, the Probate Court appointed attorney Dustin Crouse to administer the probate estate.  Mr. Crouse is an agent of Michael Fitzpatrick -- the chapter 7 trustee in this bankruptcy case.

6.      In this motion, the Debtor respectfully requests that the Court enter an order requiring the chapter 7 trustee to abandon certain categories of property to the Debtor.  The property to be abandoned is described below.

### Fraud Claim against Veda Odle

7.      Prior to his death, Shelton Ramey worked for the U.S. Postal Service.  As a federal employee, Mr. Ramey was entitled to receive life insurance through one or more programs offered by the federal Office of Personal Management ("OPM").

8.      Before his death, Shelton Ramey told his son -- the Debtor in this case -- that the Debtor was to receive the proceeds from these policies.  It is estimated that the policies were to pay $150,000.

9.      Shortly before his death, a former girlfriend of Shelton Ramey -- Veda Odle -- caused Shelton Ramey to change the insurance policy beneficiary designations *from the Debtor* to herself, Veda Odle.  As a result of this change, the $150,000 estimated death benefit from the insurance policies was paid to Veda Odle, instead of the Debtor.

10.    The Debtor believes that this change in the insurance policy was the result of fraud.  The Debtor has obtained copies of the insurance beneficiary forms for the applicable insurance policies.  Copies of the forms are attached as <u>Exhibit A</u>.

11.    The forms were allegedly signed by the decedent, Shelton Ramey, on December 19, 2019 -- only a week before Mr. Ramey's death.

12.    The Debtor does not believe that his father had capacity to sign the forms on December 19, 2019 -- if the forms were signed by Mr. Ramey at all.

13.    On December 19, 2019, Shelton Ramey was *heavily sedated with morphine*. Morphine can affect a person's ability to think, and can induce hallucinations.  This would indicate that Shelton Ramey did not have capacity when he signed the insurance beneficiary designation forms.

14.    In addition, the signature on the forms does not match Shelton Ramey's traditional signature.  One form is signed "Shelton Douglas Ramey."  The other form is signed as only "Shelton Douglas."  According to specimen signatures -- taken from checks signed by Shelton Ramey in October and November 2018, Mr. Ramey used to sign his name as "S. Douglas Ramey."  The signatures appear to be significantly different than the signatures on the beneficiary election forms.  Copies of the specimen checks are attached as <u>Exhibit B</u>.

15.    Thus, it appears that the Debtor has a good faith fraud claim against his father's former girlfriend, Veda Odle, for the conversion of approximately $150,000 of insurance proceeds.

16.    The Debtor's claim against Veda Odle constitutes an asset of this estate, pursuant to 11 U.S.C. § 541(a)(5)(C).  The claim is therefore under this Court's jurisdiction.

17.    The Debtor respectfully requests that the Court enter an order requiring the chapter 7 trustee to abandon this claim to the Debtor.

### 2012 Dodge Ram Truck and Personal Property

18.    The Debtor also respectfully requests that the Court enter an order requiring the chapter 7 trustee to abandon to the Debtor a 2012 Dodge Ram truck and all *non-vehicle* personal property in his father's probate estate.

19.    The Dodge Ram truck is in operating condition, and is worth approximately $40,000.  As explained below, its value is not necessary for the administration of this estate.

20.    The personal property consists of various furniture and other personal property that has no material value.  The personal property, if sold, will yield less than its fair market value, if the property is sold at auction through the probate proceeding.

21.    Meanwhile, the personal property has *significant value* to David Ramey.  Some of the property has sentimental value to Mr. Ramey.  In addition, it will also cost Mr. Ramey a large amount, in order to repurchase such property at fair market value, if the property is sold.

22.    Furthermore, the last will and testament of Shelton Ramey awards the Dodge Ram truck and personal property to David Ramey.  While the language of the will is somewhat vague; however, the will arguably requires the probate trustee to deliver such property to David Ramey *in kind* -- rather than in cash -- after being sold.   A copy of the will is attached as Exhibit C.

### Legal Authority

23.    Section 554(b) of the Bankruptcy Code authorizes this Court to direct a trustee to abandon property of the estate to a debtor, if such property is of inconsequential value to the estate.  Specifically, this section provides as follows:

> On request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.

11 U.S.C. § 554(b) (2019) (emphasis added).

24.    The above-described property is of inconsequential value to this bankruptcy estate.

25.    Attached as <u>Exhibits D</u> and <u>E</u> are documents showing the status of the probate estate.  As indicated in such documents, the executor, Dustin Crouse, expects to realize approximately $293,126 from the liquidation of the house and cars, in the probate estate -- excluding the Dodge Ram and the personal property subject to this motion.  After deducting the estimated expenses for the estate, Mr. Crouse expects to realize a *net estate* of approximately $118,000 -- assuming that his fee is approximately $10,000.

26.    That is more than sufficient to pay the $45,012 of claims filed in this case, plus Mr. Fitzpatrick's administrative expenses.

27.    It is therefore appropriate for the Court to enter compelling abandonment of the assets subject to this motion.

WHEREFORE, for the reasons set forth above, the Debtor respectfully requests that the Court approve the accompanying order.

Respectfully submitted,

By:   /s/ Elliott Schuchardt
      Elliott J. Schuchardt
      TN Bar No. 27016

SCHUCHARDT LAW FIRM
6223 Highland Place Way, Suite 201
Knoxville, TN 37919
Phone:  (865) 304-4374
E-mail:  elliott016@gmail.com

*Counsel to Debtor*

## CERTIFICATE OF SERVICE

I, Elliott Schuchardt, hereby certify that I served a true and correct copy of the foregoing Motion to Compel Abandonment of Certain Property on the following persons on this 30th day of July 2019 in the manner set forth below:

a) By means of the Court's CM / ECF system:

Ryan E. Jarrard, Esq.
rej@qcflaw.com
*Counsel for  Michael H. Fitzpatrick, Chapter 7 Trustee*

Michael G. Clifford, Esq.
tnecf@logs.com
*Counsel for Wells Fargo Bank*

United States Trustee
Ustpregion08.kx.ecf@usdoj.gov

b) By means of e-mail and U.S. mail:

Kimberlee A. Waterhouse, Esq.
603 Highway 321 North, Unit 6
Lenoir City, TN 37772
E-mail:  kim@waterhouselaw.com
*Counsel for Veda Odle*

Dustin Crouse, Esq.
9111 Cross Park Dr Ste D200
Knoxville, TN 37923-4521
E-mail:  dustin@knoxelderlaw.com
*Executor of Estate of Douglas Ramey*

By:/s/ Elliott Schuchardt
Elliott J. Schuchardt