IN THE BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF TENNESSEE

IN RE:

DAVID A. RAMEY,                                        Case No. 3:18-bk-33725-MPP

        Debtor.

## NOTICE OF HEARING

Notice is hereby given that:

A hearing will be held on the Debtor's Motion for Protective Order on November 6, 2019, at 9:30 a.m., before the Honorable Marcia Phillips Parsons, in Courtroom 1B, at the Howard H. Baker, Jr. United States Courthouse, 800 Market St, Knoxville, TN 37902.

**Your rights may be affected.** You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you do not want the court to grant the relief requested, you or your attorney must attend this hearing. If you do not attend the hearing, the court may decide that you do not oppose the relief sought in the objection and may enter an order granting that relief.

## EXPEDITED MOTION FOR ORDER PROHIBITING SALE OF DODGE RAM TRUCK

The Debtor, David Ramey, by and through counsel, files this motion for an order prohibiting the chapter 7 trustee, Michael Fitzpatrick, from selling the Debtor's Dodge Ram truck. In support hereof, the Debtor states as follows:

### Background

1. The Debtor, David Ramey, commenced this case by filing a voluntary petition under chapter 7 of the Bankruptcy Code on December 7, 2018.

2. On December 26, 2018, the Debtor's father, Shelton D. Ramey, died.

3. Prior to his death, Shelton Ramey acquired a large amount of assets. These included a house, a number of vehicles, at least two insurance policies, and a large amount of tools and personal property.

4. Shelton Ramey's assets are being administered by the Probate Court for Loudon County, Tennessee under the caption, *In re Shelton D. Ramey,* Case No. 5803.

5. The Debtor, David Ramey, initially sought to be the executor of his father's estate. However, the chapter 7 trustee in this case, Michael Fitzpatrick, intervened and caused the appointment of his designee, attorney Dustin Crouse.

6. On July 2, 2019, the Debtor filed a motion in this Court for an order requiring Mr. Fitzpatrick to abandon certain assets of the estate to the Debtor. These included (i) the personal property inherited by Mr. Ramey; (ii) a 2012 Dodge Ram pick-up truck; and (iii) the Debtor's interest in certain insurance proceeds, which were believed to have been stolen by the decedent's former girlfriend, Veda Odle.

7. The parties reached an agreement shortly thereafter. On August 14, 2019, this Court approved a stipulated order addressing the Debtor's motion to compel abandonment. The order required Mr. Fitzpatrick to abandon to the Debtor his father's *non-tool* personal property and the insurance proceeds.

8. The court reserved judgment on the 2012 Dodge Ram vehicle, pending the administration of the probate estate. The vehicle is worth approximately $45,000.

9. <u>The order required Mr. Fitzpatrick to give the Debtor at least twenty-one days advance notice before he made any effort to sell the Dodge Ram vehicle</u>. A copy of the stipulated order is attached as <u>Exhibit A</u>.

2

10. Immediately after the Court entered the August 14, 2019 consent order, the chapter 7 trustee violated the order.

11. Instead of abandoning the non-tool personal property, Fitzpatrick directed his agent, Dustin Crouse, to sell the non-tool personal property in the probate case -- in direct violation of this Court's order.

12. The Debtor, David Ramey, incurred *substantial attorneys fees* attempting to prevent Mr. Fitzpatrick from selling the non-tool personal property in the probate case.

13. Ultimately, Mr. Fitzpatrick and his agent, Dustin Crouse, either sold or converted a large amount of the personal property -- in direct violation of this Court's order and Mr. Fitzpatrick's agreement with the Debtor. The missing items of personal property include the following:

| Property | Value |
| --- | --- |
| Cell phone | $300 |
| 2 laptop computers | $400 |
| Computer printer/fax | $75 |
| New Inogen Portable Oxygen Concentrator | $2,500 |
| Box of dishes | $50 |
| Sound bar for television | $125 |
| Decedent's clothing | $100 |
| Dolls belonging to debtor's grandmother | $150 |
| Leather motorcycle riding gear | $300 |
| Motorcycle helmet (belonging to Debtor's deceased brother) | $200 |

3

| Property | Value |
|---|---|
| DR power trimmer | $1,500 |
| Plywood lumber | $450 |
| Mechanics chairs | $30 |
| Fender covers | $100 |
| 2 oil lamps | $100 |
| 45 music cds | $125 |
| 10 bags of mulch | $35 |
| Trash cans | $40 |
| TOTAL | $6,580 |

14.    Mr. Fitzpatrick and Mr. Crouse also liquidated the estate for <u>substantially less than fair market value</u>, in violation of their fiduciary duty to the Debtor.  For example, Mr. Fitzpatrick sold the following vehicles at auction at the following net sale prices:

| Asset | Value | Selling Price |
|---|---|---|
| 1964 Corvette | $30,000 | $17,325 |
| 1969 Nova | $10,000 | $5,200 |
| Kawasaki Ninja | $6,500 | $2,775 |
| Harley Davidson Motorcycle | $5,500 | $2,555 |
| **TOTAL** | **$52,000** | **$27,855** |

Mr. Fitzpatrick lost $24,545 on just the four items listed above, because he did not sell these items in a commercially-reasonable manner.

4

15. David Ramey *repeatedly asked* for leave to help sell the vehicles for fair market value in the probate proceeding. Mr. Fitzpatrick and his agent, Dustin Crouse, opposed these motions, and then refused to give Mr. Ramey access to the vehicles for marketing purposes, after the probate court gave Mr. Ramey three weeks to assist with the sale.

16. On October 21, 2019, Dustin Crouse served a proposed Final Accounting in the probate case. A copy of the Final Accounting is attached as Exhibit B.

17. The accounting indicates that Mr. Crouse has liquidated the probate assets -- other than the Dodge Ram vehicle -- for $89,291.77.

18. If the probate Court approves Mr. Crouse's proposed fee (of approximately $29,000) in full, then the probate estate will transfer $45,437.90, plus the 2012 Dodge Ram vehicle and a check for $2,694.12 (from the federal Office of Personnel Management) to the chapter 7 trustee in this case.

19. Michael Fitzpatrick, as chapter 7 trustee, is already holding $4,000 that was turned over to his office earlier in this case by the Debtor. As a result, Mr. Fitzpatrick will be holding $52,132.02, plus the Dodge Ram vehicle after such turn-over of funds.

20. Creditors have filed timely proofs of claim for $45,012.16 in this case. Thus, if the probate court approves Mr. Crouse's fee application in full, there will be $7,119.86 to pay the administrative expenses in this case.

21. The Debtor intends to challenge the fees requested by both Mr. Fitzpatrick and his agent, Dustin Crouse, in both this case and in the probate case, on grounds of breach of contract, contempt of this Court, and breach of fiduciary duty. The probate court has scheduled a hearing on Mr. Crouse's fee application for December 5, 2019.

5

22.     If one or both of these courts reduces the fees requested by Messrs. Fitzpatrick and Crouse, it will not be necessary to sell the Dodge Ram.

23.     On October 21, 2019, Mr. Fitzpatrick's office notified the Debtor's counsel of the trustee's intent to sell the Dodge Ram vehicle, in order to pay Mr. Fitzpatrick's legal fees in this case.

24.     On October 25, 2019, Mr. Fitzpatrick filed a motion for leave to employ Powell Auction to sell the Dodge Ram vehicle. As noted above, it may not be necessary to sell the vehicle at all. If it is necessary to sell the vehicle, it is commercially unreasonable for the trustee to sell the vehicle through Powell Auction. Powell will charge a fee of at least $6,000 to sell the vehicle. In addition, the vehicle will be sold at far less than fair market value. This will destroy at least $15,000 of value for the estate.

## Relief Requested

25.     The Debtor respectfully requests that the Court enter an order requiring the chapter 7 trustee to <u>refrain</u> from selling the Dodge Ram vehicle until after (i) the probate court rules on the amount of Dustin Crouse's legal fees, in the probate case, and (ii) this Court rules on Mr. Fitzpatrick's fee application.

26.     At this time, Mr. Fitzpatrick has not even filed a fee application, or even advised Debtor's counsel of the amount of his proposed fee.

27.     Until the fee applications have been reviewed and approved by the probate and bankruptcy courts, it would be inappropriate and premature for the chapter 7 trustee to sell still more assets of the Debtor, at below-market prices.

## Request for Expedited Hearing

28. The Debtor respectfully requests that the Court consider this matter on an expedited basis, at a hearing on November 6, 2019, or at such time suits the convenience of the Court.

29. Less than twenty-one days remain before the trustee is authorized under the Court's prior order to sell the Dodge Ram vehicle. An expedited hearing will minimize litigation in this case, and conserve the assets of this estate.

WHEREFORE, for the reasons set forth above, the Debtor respectfully requests that the Court enter an order prohibiting the chapter 7 trustee from selling the Dodge Ram vehicle, pending further order of the Court.

Respectfully submitted,

By:  /s/ Elliott Schuchardt
     Elliott J. Schuchardt
     TN Bar No. 27016

SCHUCHARDT LAW FIRM
6223 Highland Place Way, Suite 201
Knoxville, TN 37919
Phone:  (865) 304-4374
E-mail:  elliott016@gmail.com

*Counsel to Debtor*

## **CERTIFICATE OF SERVICE**

I, Elliott Schuchardt, hereby certify that I served a true and correct copy of the foregoing Motion for Order Prohibiting Sale of Dodge Ram Truck on the following persons on this 29th day of October 2019 in the manner set forth below:

a)  <u>By means of the Court's CM / ECF system</u>:

Ryan E. Jarrard, Esq.
rej@qcflaw.com
*Counsel for Michael H. Fitzpatrick, Chapter 7 Trustee*

Michael G. Clifford, Esq.
tnecf@logs.com
*Counsel for Wells Fargo Bank*

United States Trustee
Ustpregion08.kx.ecf@usdoj.gov

By:/s/ Elliott Schuchardt
Elliott J. Schuchardt