*IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION AT KNOXVILLE*

IN RE:

**David A. Ramey**  Case No. **3:18-BK-33725-MPP**
Chapter 7

Debtor.

## RESPONSE IN OPPOSITION TO DEBTOR'S MOTION FOR AN ORDER PROHIBITING SALE OF DODGE RAM TRUCK

Comes Michael H. Fitzpatrick, Trustee, by and through counsel, files this response in opposition to the Debtor's previously files Motion for a Protective Order [Doc. 92].

1. The Debtor filed a voluntary Chapter 7 petition on December 7, 2018. Michael Fitzpatrick was appointed as Chapter 7 trustee, and continues to serve in that capacity.

2. The trustee's investigation revealed that the debtor's father passed away on December 26, 2018 and the debtor inherited an unknown amount of assets as a result. It is the trustee's contention that the debtor's inheritance is an estate asset pursuant to 11 U.S.C. 541(a)(5).

3. The trustee's investigation into the exact amount of the inheritance is ongoing, and the matter is being administered by the Probate Court of Loudon County, Tennessee. The trustee believes that the probate estate will be closed shortly (subject to the delaying actions threatened by the debtor) and the remaining assets will be turned over to him before the end of the year.

4. While the final accounting is still pending, the trustee has been informed by Dustin Crouse, administrator of the Shelton Ramey estate, that approximately $40,000.00 plus a 2012 Dodge Ram truck will be turned over to the bankruptcy estate following the closure of the probate estate. This number may be reduced by continuing litigation or other actions of the debtor, however.

5. The claims filing deadline has closed. At the time of filing, approximately $45,012.16 in unsecured claims have been filed with the court. See Attached Exhibit A. However, as the court is aware, additional creditors may file claims up to the time of distribution which would be allowed and

paid as tardy claims. In addition, the estate has outstanding attorney's fees, and the trustee's fee as permitted by 11 U.S.C. §326(a)[1].

6. On or about October 21, 2019, counsel for the trustee forwarded the attached letter to Debtor's counsel. <u>See Attached Exhibit B.</u> The letter informed debtor that the sale of the aforementioned Dodge Ram may be necessary to satisfy the cost of administration and filed claims. Said letter invited the Debtor to make an offer to purchase the truck prior to a proposed sale.

7. Rather than respond with an offer, counsel for the debtor first responded with a threat against the trustee <u>See Attached Exhibit C</u> followed by the aforementioned motion requesting the court to limit the trustee's authority to make the proposed sale.[2] Similar motions have been filed in the Shelton Ramey probate matter attempting to frustrate the administrator's efforts to perform his assigned duties. As of the date of this filing, counsel for the trustee has spent **at least** 25.8 hours dealing with various motions and hearings instigated by the debtor.[3]

8. In debtor's motion, the Debtor again repeatedly refers to Dustin Crouse, Esq. the administrator of the Shelton Ramey estate, as the trustee's agent. There is no factual or legal basis for the claim. The trustee vehemently denies that Mr. Crouse is his agent, and the debtor has not provided any evidence or authority to support this assertion. Mr. Crouse is the duly court appointed administrator of the Shelton Ramey estate under Tennessee's probate law. As this Court has previously informed debtor, the estate matter is outside the subject matter jurisdiction of the bankruptcy court. *Wisecarver v. Moore*, 489 F.3d 747 (6th Cir. 2007).

9. The bulk of the debtor's objections in Doc 92 deal specifically with allegations that Mr. Crouse has mismanaged or otherwise mishandled the probate estate of Shelton Ramey. As these complaints fall within the aforementioned probate exception recognized under Federal Law, this court does not have jurisdiction to hear those issues. The proper venue for these complaints is before the probate court for Loudon County, Tennessee.

---

[1] The estate has incurred around $11,000.00 of professional fees & expenses, plus the trustee's statutory compensation.
[2] Doc 93 is the fourth such motion filed in the bankruptcy court.
[3] That figure does not include time spent responding to the current pending motion.

10. Further, the debtor's motion is premature. Although the trustee has informed the debtor that he intends to sell the Dodge Ram at issue (based upon the value of the anticipated assets to be administered in the bankruptcy estate and claims that have been filed), no notice of sale is currently pending.[4] In fact, the truck cannot be sold by the bankruptcy estate until the truck is distributed from the probate estate to the bankruptcy estate. The trustee anticipates the truck will become available as an asset for liquidation within this bankruptcy estate when the probate administrator makes his final distribution. The trustee will then again solicit payment from the debtor of the gap needed by the bankruptcy estate to pay 100% plus statutory interest to claims and administrative expenses or to buy the truck. Failing his action, the trustee will then give his notice to sell the truck. The purpose of the October 21, 2019 letter was to solicit a potential non-litigation solution from the debtor. However, the debtor and his lawyer followed his usual pattern by continuing to threaten suit for a perceived violation of the automatic stay and then filing yet another motion incurring further legal fees to the debtor and diluting the assets of the bankruptcy estate.

11. Due to the fact that the primary objections of the debtor are outside the subject matter jurisdiction of this court, and are not ripe, the trustee moves that the debtor's pending motion prohibiting the trustee's sale of the Dodge Ram be denied.

Respectfully submitted,

*/s/ Ryan E. Jarrard*
Ryan E. Jarrard, Esq.
BPR No. 024525
Attorney for Michael H. Fitzpatrick, Trustee
**Quist, Fitzpatrick & Jarrard, PLLC**
2121 First Tennessee Plaza
800 South Gay Street
Knoxville, TN 37929-9711
(865) 524-1873 ext. 232
REJ@QCFLaw.com

CERTIFICATE OF SERVICE

---

[4] The trustee has sought to employ Powell Auction to conduct a proposed sale which is still pending. [Doc. 91].

   I hereby certify that a true and correct copy of the foregoing Motion and proposed Order have been served upon the indicated parties by placing a copy thereof in the U.S. Mail, first class postage prepaid, via email or ECF this November 4, 2019:

Office of the U.S. Trustee
VIA ECF

Elliot J. Schuchardt, Esq.
VIA ECF

All Parties in Interest on the attached list via US Mail

                */s/ Ryan E. Jarrard*
                ATTORNEY