IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION AT KNOXVILLE

IN RE:

**David A. Ramey**     Case No. **3:18-BK-33725-MPP**
Chapter 7

Debtor.

## RESPONSE IN OPPOSITION TO DEBTOR'S OBJECTION TO HIRING OF POWELL AUCTION

Comes Michael H. Fitzpatrick, Trustee, by and through counsel, files this response in opposition to the Debtor's previously filed Objection [Doc. 100].

1. The Debtor filed a voluntary Chapter 7 petition on December 7, 2018. Michael Fitzpatrick was appointed as Chapter 7 trustee, and continues to serve in that capacity.

2. The trustee's investigation revealed that the debtor's father passed away on December 26, 2018 and the debtor inherited an unknown amount of assets as a result. It is the trustee's contention that the debtor's inheritance is an estate asset pursuant to 11 U.S.C. 541(a)(5).

3. The trustee's investigation into the exact amount of the inheritance is ongoing, and the matter is being administered by the Probate Court of Loudon County, Tennessee. The trustee believes that the estate will be closed and the remaining assets will be turned over to him before the end of the year.

4. While the final accounting is still pending, the trustee has been informed by Dustin Crouse, administrator of the Shelton Ramey estate, that approximately $40,000.00 plus a 2012 Dodge Ram truck will be turned over to the bankruptcy estate following the closure of the probate estate. This number may be reduced by continuing litigation, however.

5. At this time, the trustee is anticipating receiving the 2012 Dodge Ram from the probate estate, and it may be necessary to sell the vehicle.

6. 11 U.S.C. 327(a) states as follows:

(a) Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title [11 USCS §§ 101 et seq.].

7. This section of the bankruptcy code "provides minimum requirements which must be met in order to qualify for appointment as professional—applicant may not hold interest adverse to estate and must be disinterested; however, mere fact that professional satisfies technical elements of § 327 does not mandate court approval; standard to be utilized is whether appointment will aid in administration of proceedings; ultimate determination of whether there is disqualifying conflict and whether representation is in best interest of estate falls within sound discretion of court." *In re Glosser Bros., Inc.*, 102 B.R. 38, 39 (Bankr. W.D. Pa. 1989).

8. In debtor's objection, he does not raise any issues as to Powell Auctions disinterest. His primary objection stem from the argument that the debtor stands ready to purchase the Dodge Ram. At this point, the Debtor has not offered to purchase the truck aside from this vague assertion.

9. The trustee is entitled to retain an expert auctioneer for his own convivence to sell the Dodge Ram should it become necessary. Retaining Powell Auction does not increase the expenses for the estate, or make it a requirement that the trustee use Powell to sell the truck.

10. The remaining allegations raised by the debtor stem from the argument that Dustin S. Crouse is the agent of the trustee. The trustee denies that Dustin S. Crouse is his agent, and this argument should be denied based upon *Res Judicata*. The trustee relies upon his Response to Debtor's Objection to Fees & Motion to Strike Portions of the Debtor's Objection [Doc. 109] and incorporates that document by reference.

11. For the foregoing reasons, the debtor's objection should be denied.

Respectfully submitted,

/s/ Ryan E. Jarrard
Ryan E. Jarrard, Esq.
BPR No. 024525
Attorney for Michael H. Fitzpatrick, Trustee
**Quist, Fitzpatrick & Jarrard, PLLC**
2121 First Tennessee Plaza
800 South Gay Street
Knoxville, TN 37929-9711
(865) 524-1873 ext. 232
REJ@QCFLaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion have been served upon the indicated parties by placing a copy thereof in the U.S. Mail, first class postage prepaid, via email or ECF this December 11, 2019:

Office of the U.S. Trustee
VIA ECF

Elliot J. Schuchardt
VIA ECF

/s/ Ryan E. Jarrard
ATTORNEY