IN THE BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF TENNESSEE

IN RE:

                        Chapter 7

**David A Ramey, debtor**                  Case No. 3:18-bk-33725-MPP

## SUPPLAMENTAL OBJECTION TO CHAPTER 7 TRUSTEE'S PETITION FOR APPROVAL OF FEES AND EXPENSES AND OBJECTION TO SELLING DODGE RAM PICKUP

### BACKGROUND

1. On December 7, 2018 I filed a voluntary petition for Chapter 7 protection. However, my father passed away on December 27, 2018 at Fort Sanders Regional in Knoxville, TN. At this point I decided I was not going forward with bankruptcy protection and missed the 341 hearing. With the future inheritance I was going to be able to pay off my creditors on my own. At that point is customary to dismiss the petition as the bankruptcy cannot move forward without this hearing.

2. In January, 2019 it was discovered there was a fraudulent will authored by Veda Odle, an estranged friend of my fathers. The date this will was executed my father didn't have the mental capacity to execute this. Veda Odle had hidden this will from the family.

3. Going into February 2019, Veda Odle had become irate that I refused to allow her to take from the estate what she put in the will to receive. She informed me that if I didn't agree to her term that she had it worked out to step down and have an attorney appointed.

4. In February 2019 Veda Odle thru attorney Kimberly Waterhouse reached out to the trustee seeking protection of the will and preventing it being thrown out as she was informed of my intention to challenge the validity of the will.

5. At this point instead of dismissing the petition the trustee reached out to my attorney and said he learned about the estate and would "compel" me to appear for a 341 hearing. I wasn't being challenged to appear before the call from Waterhouse so I also believe the trustee seen a personal financial benefit to himself to force this filing to occur, this is in violation of the guidelines in the "UST" program thru the US Attorney's office.

FILED

JAN 21 2020

U.S. BANKRUPTCY COURT
Knoxville, Tennessee

6. During the course of the past year the Trustee and Waterhouse have shared the same ungrounded talking points. Mr Jarrard stated in his last filing that Ms. Odle was a long-term care provider to my father, this is an example of the lies and tactics from the trustee's office. Also stated I didn't have authority to be at my father's estate, lacked authority to change locks, etc. It is customary to change locks out after a death, as who knows who had possession of keys. See exhibit #9 email from Veda's attorney giving me full control and possession of the estate and this was in force until March 14, 2019.

7. On December 21, 2018 Veda Odle went out to my father's home to "look for his DD 214 form" for the hospital. She was gone for 7 hours loading property out of the estate that has never been returned, when she left the property, she left the front door open and unlocked. See exhibit #8 report from LCSO.

7a. For this reason, Ms. Odle wasn't allowed keys to the estate as she had proven she couldn't be trusted to keep the estate secured.

8. I have incurred additional legal fee's enforcing signed orders from this court that have been violated by Trustee Fitzpatrick. On August 14, 2019 there was an agreed order preventing Mr Fitzpatrick from selling the truck and immediately after this the trustee violated this order. Furthermore, the order required Mr Fitzpatrick to abandon certain assets of the estate to the debtor. Including personal property left to me in the will and my interest in certain insurance proceeds, which were believed to be stolen by Veda Odle. The trustee has violated all parts of this order by allowing his agent Dustin Crouse to sell the non-tool items and contacting OPM/FEGLI the administrator of my father's life insurance on 12/2/2019 and 12/4/2019. This was in direct violation to the order as they contacted OPM to help Veda Odle receive these proceeds thru a fraudulent document.

9. Kimberly O'Conner an agent in the trustee's law firm was seen driving Veda Odle around in her personal vehicle and took her to the estate in Loudon, TN giving her access to remove more items, for example 2 laptop computers.

10. Trustee had also wasted estate resources obtaining my father's bank records as he stated he was sure I was writing checks from dad's account. After wasting $346.20 on this he learned Ms Odle had given him bad information.

11. After many times of asking for the return of the oxygen concentrator stolen by Ms Odle it finally shows up December 5, 2019 when Ms Odle returned it after receiving a letter from me about it. Until then the trustee's agent Dustin Crouse repeatedly stated he took it out to the estate and left it. Also, my father cell phone, I have asked many times for its return. Dustin Crouse says he knows nothing about it and also in sworn testimony, see exhibit #3. However, the phone when searched online has pinged to Mr Crouse's office since April or May 2019. Again, showing lack of truth from the trustee's agent.

12. Also, there are items missing from the estate. Some items Mr Crouse stated he and the trustee discussed and decided to give to Ms Odle. This was not their decision to make for items not specifically left to her. Also, other items from the barn, atv attachments and attachments for riding mowers were also allowed to go with Ms. Odle and those items were not left to her. Another example of the lack of due care and waste of the assets.

13. See exhibit #4 The trustee and his agent have a duty of "due Care" and financial responsibility to the estate. For this example, Mr. Crouse sold my father's 1964 Corvette Stingray thru Powell Auction for a nearly $6000 commission and he said that's a good deal. The value received by the estate was 50% of the real value. Also see exhibit # 7, this is from Powell Auction, they charge a flat rate of $25 to sell a vehicle.

**FAILURE TO CHALLENGE FRAUDULENT WILL**

14. Trustee Fitzpatrick was notified the will was fraudulent. MS. Odle after years of rejection wanting to live with my father got even with him on December 20, 2018

15. My father's intentions were clear and known by all that knew him.

    A) Everything he owned was left to me

    B) Veda Odle and his sister Kathy were not to get anything from his estate.

    C) Dad moved to Loudon, TN to get away from Ms Odle in 2012. And she was never down here until mid-December 2018 as he went into the hospital.

16. Per Veda Odle she already had a "plan" to step down and be replaced by an attorney. Under what a normal person would think, she has already made an agreement with an outside party to protect the will and not allow it to be challenged. We have discovered that agreement was made with the trustee's office.

17. Given the circumstances it would have only required a meeting with my father's doctor to inquire of his mental capacity at the time but the trustee refused to do this.

18. Due to this Veda Odle has received apx $45,000 cash and property from the estate

**FAILURE IN SALE OF REAL PROPERTY**

19. The trustee's agent Dustin Crouse refused to make payments on the mortgage and triggered the home to go into foreclosure. Although there was money in the estate account but the trustee's agent said he had a priority claim to pay Kim Waterhouse, a mere $4000 claim.

20. The trustee and his agent had several months to list the house, even without an agent it could have occurred with "For Sale By Owner" and been listed in the MLS system to seen by the public and realtors. It could have also been advertised for free on Craigslist, Trulia, Zillow, etc. See exhibit # 5. Dustin Crouse admitted he had no idea what the property was worth and made no attempt to publicly advertise the property. Instead he stated he made a couple phone calls to see if someone would buy it.

21. In fact, the trustee and his agent decided to do a private sale with a fellow attorney who happens to be a close personal friend of Judge Dale. He is the judge over the probate case.

22. The new owner of the home tore out several walls, the entire, kitchen, flooring, and left electrical wiring and sockets lying about in the floor. Thus, making the home uninhabitable and according to Mr. Littleton it would take $75,000 to repair it now. However, with the damage he caused he turned around and quickly sold it for $50,000 more than the trustee sold it for

**FAILURE TO SELL VEHICLES AT FAIR MARKET VALUE**

23. The 1964 Corvette, 1969 Nova SS, Harley Davidson and Kawasaki Ninja had a value of apx $52,000. However, the trustee and his agent only acquired $27,855 leaving over $24,000 in value unrecovered. This is another example of breach of fiduciary responsibility.

Above the vehicles sold at discounted prices at auction except for the 1969 Nova he sold to presumably a friend of his with other items for 50 cents on the dollar.

**MISAPPROPRIATION OF ESTATE FUNDS**

24. From the December 5th hearing in the probate court the trustee's agent is billing for putting documents under seal. This is not for the benefit of the estate. Rather this is for his friend fellow attorney Glenna Overton who is representing Veda Odle in a civil matter outside the realm of probate.

25. Michael Fitzpatrick came before the court to get authorization to employ Ryan Jarrard See exhibit #1. However, he did not seek authority of the bankruptcy court to employ his agent Dustin Crouse so Dustin Crouse does not have standing to pay Glenna Overton, Veda Odle, and Kimberly Waterhouse with monies that are possession of the bankruptcy court.

26. Ryan Jarrard gave his authorization in the December 5th probate hearing to pay these fees. Mr Jarrard lacks standing to do this as this court has not given prior permission to do so.

**CONCLUSION**

27. The trustee, Michael Fitzpatrick and his agent Dustin Crouse have proven to be bad actors in this whole event, from untrue statements by the trustee's office and the trustee's agent Dustin Crouse committing perjury in probate court. They went thru a $450,000 estate in an effort to recoup $41,000 owed in bankruptcy claims. I have already put forward $4,000 see exhibit #6

28. They have also worked in collusion with Kimberly Waterhouse to allow a fraud on the probate court and take an inheritance from me while looting the estate. Mr. Fitzpatrick has violated the orders of this court over and over.

**RELIEF SOUGHT IN THIS CASE**

29. The return of the $86,597.65 sitting in the bankruptcy estate. Pay off the creditors and the remaining should be returned to David Ramey as the remaining amount of inheritance. The trustee and his agent wasted over $150,000 in this matter and that belonged to me.

30. Immediate release of my father's Dodge Ram truck, title, and both sets of keys that were given to Dustin Crouse.

31. Trustee's agent Dustin Crouse to immediately hand over everything in his possession belonging to my father an estate. Including but not limited to his cell phone and mail.

32. Immunity release against Michael Fitzpatrick and his insurance carrier

Respectfully,

David Ramey

David Ramey

1701 Hutchinson Ave #18

Knoxville, TN 37917

Legend:

Exhibit #3 Pages 92-93 from testimony Dec 5th in probate case

Exhibit #4 Pages 83-88 from testimony Dec 5th in probate case

Exhibit #5 Pages 71-73 from testimony Dec 5th in probate case

## **CERTIFICATE OF SERVICE**

I, David Ramey, hereby certify that I served a true and correct copy of the supplemental objection to fees and objection of selling the Dodge Ram truck, on the following persons on January 20, 2019.

Clerk

U.S. Bankruptcy Court

Howard H Baker, Jr. United States Courthouse

800 Market Street

Knoxville, TN 37902

Ryan Jarrard

Attorney for Michael Fitzpatrick, Trustee

2121 First Tennessee Plaza

800 South Gay Street

Knoxville, TN 37929