*IN THE UNITED STATES BANKRUPTCY COURT*
*FOR THE EASTERN DISTRICT OF TENNESSEE*
*NORTHERN DIVISION AT KNOXVILLE*

IN RE:

**David A. Ramey**   Case No. **3:18-BK-33725-MPP**
Chapter 7

Debtor.

## RESPONSE IN OPPOSITION TO OBJECTION OF DAVID RAMEY TO CHAPTER 7 TRUSTEE'S MOTION TO SELL DODGE RAM VEHICLE

Comes Michael H. Fitzpatrick, trustee, by and through counsel, files the following response in opposition to Doc. 146, previously filed by the debtor *pro se*:

1. Doc. 146 "Objection of David Ramey to Chapter 7 Trustee's Motion to sell Dodge Ram Vehicle" rehashes and reasserts facts that have previously been raised by the debtor in his previously filed objections found at Docs. 100 and 106, and 124.[1]

2. With respect to Doc. 146, the trustee incorporates by reference his previously filed Response in Opposition to Debtor's Objection to Fees & Motion to Strike Portions of Debtor's Objection [Doc 109], Response in Opposition to Debtor's Objection to Hiring of Powell Auction [Doc. 110], and Response in Opposition to Supplemental (sic) objection to Chapter 7 Trustee's Petition for Approval of Fees and Expenses and Objection to selling Dodge Ram Pickup.

3. With respect to the Debtors allegations of material waste, the trustee incorporates by reference Paragraphs 1-10 of Doc. 109. Specifically, the Debtor had stolen assets belonging to the underlying probate estate, and was unfit to serve as executor. Mr. Crouse's appointment as third party administrator was also raised and disposed of by the Probate Court of Loudon County, Tennessee, and affirmed by the Tennessee Court of

---

[1] As discussed in greater detail *infra*, these arguments were also raised and rejected by the Tennessee Court of Appeals earlier this year.

Appeals as discussed *Infra*. As a result, the Trustee moves to strike these paragraphs under the doctrine of *res judicata*.

4. With respect to the issue as to whether the trustee failed to challenge the will at issue in the probate case (Paragraphs 14 – 19 in Doc. 146), the trustee specifically incorporates by reference Paragraphs 22 – 28 of Doc. 109, as this is responsive to the debtor's allegations.

5. With respect to Paragraphs 20-48 of the Debtor's objection, these allegations were raised, fully litigated, and were dismissed by the Probate Court of Loudon County, Tennessee [Doc. 109, ¶14]. As discussed in more detail *infra*, this decision was upheld on appeal by the Tennessee Court of Appeals. As a result, the trustee moves to strike paragraphs 20-48 of the objection under the doctrine of *res judicata*.

6. Following the last bankruptcy hearing on January 27, 2020, the Debtor filed an appeal on the underlying probate matter. See Attached Exhibit 1, Notice of Appeal. The Debtor was represented in this appeal by his former bankruptcy attorney, Elliott J. Schuchardt.

7. On November 6, 2020 the Debtor's Appellant Brief was filed by Mr. Schuchardt. See Attached Exhibit 2, Appellant's Brief. The issues raised in Doc. 146 were raised in the Debtor's Appellant brief, and were in themselves a continuation of the objections raised and litigated in the Loudon County Probate matter [Doc. 109, Ex. F, G, H, and I]. These objections are identical to the issues raised by the Debtor in Doc. 146.

8. Oral argument was heard by the Tennessee Court of Appeals on or about February 24, 2021. Due to the Covid 19 health emergency, oral arguments were conducted via Zoom and may be viewed at https://www.youtube.com/watch?v=YtYb9WEExuw . The Debtor was represented at the hearing by Mr. Schuchardt.

9. The Court of Appeals upheld the lower court's previous decision and declined to rule in favor of the Debtor. *In re Estate of Ramey*, 2021 Tenn. App. LEXIS 167, 2121 WL 1592521. No additional appeal was sought by the Debtor under the timeframe established by Tennessee Law.

10. The Tennessee Court of Appeals found that the Third Party Administrator, Dustin Crouse, could petition for fees incurred defending the appeal. *Id.* Mr. Crouse incurred $29,775.00 in defending the appeal which were paid from the underlying probate estate **not** the bankruptcy estate. See Attached Exhibit 3, Petition for Administrator CTA Fees & Expenses.

11. As a result of the fruitless appeal and the Debtor's overly litigious actions in state court, the Chapter 7 trustee only received $6,721.59 (and the 2012 Dodge Ram) from the probate estate. The trustee is currently holding $10,702.53 in cash, which is insufficient to satisfy the unsecured claims of $45,012.16[2]. The Debtor's campaign of harassment in both the bankruptcy court and probate court has resulted in a situation where professional costs will likely exceed the amount of allowed claims in this case. Selling the 2012 Dodge Ram is the only feasible action available to the trustee.

12. The trustee did attempt to negotiate a settlement that would pay the filed claims, administrative expenses, and let the debtor keep the 2012 Dodge Ram. The offer was rejected by the Debtor. Instead, the Debtor used the negotiations as an opportunity to threaten the trustee to file additional appeals and objections to "tie this and the truck up for another 8-10 months." See Attached Collective Exhibit 4, email exchange between Debtor and Ryan E. Jarrard. Said communications are in line with the Debtor's previous pattern of abusive and harassing behavior to bully the trustee and the third party administrator [Doc. 109 ¶ 32, Collective Exhibit K].

13. The Debtor has provided no additional facts or law to refute the trustee's assertion that he is entitled to sell the 2012 Dodge Ram for the benefit of creditors. The gravamen of the Debtor's objection centers around attempting to re-litigate matters that have been previously decided and are subject to final orders in other courts. As a result, the Debtor's objection should be denied.

---

[2] The trustee's attorney has also had $10,087.00 in fees and $684.83 in expenses previously approved by this court.

14. In the alternative. it is inappropriate for this court to assert jurisdiction over a state court probate matter due to the Probate Exception that exists under Federal law. *Marshall v. Marshall*, 547 U.S. 293 (2006).

WHEREFORE the trustee denies that the debtor is entitled to any relief, and requests that the objections raised in Doc. 146 be stricken and / or denied. The trustee also requests any further general relief that the Court deems necessary.

Respectfully submitted,

*/s/ Ryan E. Jarrard*
Ryan E. Jarrard, Esq.
BPR No. 024525
Attorney for Michael H. Fitzpatrick, Trustee
**Quist, Fitzpatrick & Jarrard, PLLC**
2121 First Tennessee Plaza
800 South Gay Street
Knoxville, TN 37929-9711
(865) 524-1873 ext. 232
REJ@QCFLaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Notice and all Exhibits have been served upon the indicated parties by placing a copy thereof in the U.S. Mail, first class postage prepaid, via email or ECF this August 27, 2021:

Office of the U.S. Trustee
VIA ECF

David Ramey
1742 Arlington Blvd
WV 25705
VIA US MAIL

*/s/ Ryan E. Jarrard*
ATTORNEY